**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

FILED

JUL 24 2020

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

KIM M. COOK,

　　　　　Petitioner-Appellant,

v.

L. DEAN MARSHALL,

　　　　　Respondent-Appellee.

No.　18-36097

D.C. No. 3:14-cv-00002-JKS

MEMORANDUM*

Appeal from the United States District Court
for the District of Alaska
James K. Singleton, District Judge, Presiding

Argued and Submitted June 5, 2020
Anchorage, Alaska

Before: CHRISTEN, WATFORD, and BADE, Circuit Judges.

Petitioner Kim Cook appeals the district court's denial of his 28 U.S.C.

§ 2254 petition for a writ of habeas corpus. We have jurisdiction pursuant to 28

---

　　　* This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

U.S.C. § 1291. We review a district court's denial of a § 2254 petition de novo. *Hurles v. Ryan*, 752 F.3d 768, 777 (9th Cir. 2014).[1] We affirm.

Under the Antiterrorism and Effective Death Penalty Act of 1996, Cook must demonstrate that the 2013 Alaska Supreme Court decision denying his petition for review—the last reasoned state court decision—was (1) "contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States," or (2) "based on an unreasonable determination of the facts." 28 U.S.C. § 2254(d); *McKinney v. Ryan*, 813 F.3d 798, 811 (9th Cir. 2015) (en banc) (noting that, as to § 2254(d)(1), "a federal court may grant relief only if 'the state court's application of clearly established federal law was objectively unreasonable,' such that 'fairminded jurists could [not] disagree that' the arguments or theories that supported the state court's decision were 'inconsistent with the holding in a prior decision of [the Supreme] Court'") (citations omitted). He has not done so.

Cook's § 2254(d)(1) claim fails because he cannot point to a pre-2013 Supreme Court decision establishing a Sixth Amendment violation arising from comparable facts. The Supreme Court did not recognize a similar rule until *Luis v.*

_____

[1] Because the parties are familiar with the facts, we recite only those necessary to resolve the issues on appeal.

2

*United States*, 136 S. Ct. 1083 (2016), and even *Luis* did not address a situation in which a defendant's private funds were seized subject to a creditor's judgment. Notably, Cook conceded the civil judgment was properly entered against him; he argued the Sixth Amendment violation arose from the superior court's failure to vacate that judgment. Cook also cites *United States v. Gonzalez-Lopez*, 548 U.S. 140, 147–48 (2006), for the proposition that the Sixth Amendment is violated where an erroneous court ruling results in the denial of a defendant's counsel of his choice. This authority is unavailing because the Supreme Court has repeatedly cautioned that we may not rely on cases at "too high a level of generality" in order to extend habeas relief. *Woods v. Donald*, 575 U.S. 312, 318 (2015) (per curiam).

At oral argument, Cook expressly disavowed seeking relief under § 2254(d)(2). We therefore need not consider that issue.

**AFFIRMED.**

3